# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Employers Reinsurance Corporation, ) | |
| Plaintiff, ) | |
| vs. ) | No. 06-0188-CV-W-FJG |
| Massachusetts Mutual Life ) | |
| Insurance Company, ) | |
| Defendant. ) | |

## ORDER

Pending before the Court are (1) defendant Massachusetts Mutual Life Insurance Company's Motion to Transfer Venue (Doc. No. 8); and (2) defendant Massachusetts Mutual Life Insurance Company's Motion for More Definite and Certain Statement (Doc. No. 6).

**I. Introduction**

This is an action between plaintiff Employers Reinsurance Corporation ("ERC"), a reinsusrer, against defendant Massachusetts Mutual Life Insurance Company ("Mass Mutual"), its reinsured. Plaintiff alleges, among other things, that defendant breached the parties' reinsurance agreement by (1) refusing to permit ERC to participate jointly in the investigation, adjustment, defense or settlement of claims that defendant seeks to cede to ERC; (2) ceding losses and claims to ERC that are not covered under the reinsurance agreement; (3) failing to adequately manage, adjust and settle reinsured claims; and (4) failing to provide ERC with prompt notice of claims. Plaintiff brings the following claims: Count I–Declaratory Judgment; Count II–Breach of Contract; Count III–Breach of Implied Duty of Good Faith; and Count IV–Accounting.

## II. Analysis

### A. Motion to Transfer Venue

Plaintiff filed this suit in the U.S. District Court for the Western District of Missouri alleging proper jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity exists among the parties, and because the matter in controversy exceeds $75,000 exclusive of interest and costs. Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) and (3) because defendant resides in the Western District of Missouri and is subject to personal jurisdiction in this judicial district. Defendant now moves for transfer and change of venue to the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. § 1404(a).

A motion to transfer venue from one federal district court to another, where venue is initially proper, is governed by 28 U.S.C. § 1404(a). That subsection provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A change of venue, although within the discretion of the district court, should not be freely granted. In re Nine Mile Limited, 692 F.2d 56, 61 (8th Cir. 1982)(overruled on other grounds, Missouri Housing Development Com'n v. Brice, 919 F.2d 1306, 1311 (8th Cir. 1990)). "[G]reat weight should be given to the plaintiff's choice of forum, particularly where the plaintiff is a resident of the judicial district where the suit is brought." Kansas City Power & Light Co. v. Kansas Gas & Electric Co., 747 F. Supp. 567, 573 (W.D. Mo. 1990); see also Houk v. Kimberly-Clark Corp., 613 F. Supp. 923, 927 (W.D. Mo. 1985).

The threshold question under 28 U.S.C. § 1404(a) is whether the proposed forum

2

is one in which the action "might have been brought." "If when a suit is commenced plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district where [the action] might have been brought." Hoffman v. Blaski, 363 U.S. 335, 344 (1960). Therefore, if plaintiff in this action had the right to sue defendant initially in the District of Connecticut, that forum would be a proper candidate for transfer under § 1404(a). Here, plaintiff does not challenge defendant's assertion that the District of Connecticut is a proper forum.

Next, the Court must determine whether the "convenience of parties and witnesses" and "the interest of justice" support a transfer of venue. See 28 U.S.C. § 1404(a). In Houk v. Kimberly-Clark Corp., 613 F. Supp. 923 (W.D. Mo. 1985), the Court articulated a number of factors to be considered in ruling on a 1404(a) motion to transfer:

> [T]he convenience of the parties, the convenience of the witnesses, the availability of judicial process to compel the attendance of unwilling witnesses, the governing law, the relative ease of access to sources of proof, the possibility of delay and prejudice if a transfer is granted, and practical considerations indicating whether the case can be tried more expeditiously and inexpensively.

Houk, 613 F. Supp. at 927(citations omitted); see also Kansas City Power & Light Co., 747 F. Supp. at 573. In this case, the Court concludes, based upon the following analysis, that the balance of these factors leans in favor of maintaining plaintiff's choice of venue.

Ordinarily, courts weighing these factors begin with a preference favoring the plaintiff's choice of forum. "[T]he plaintiff's choice of a proper forum is entitled to great weight, and will not be lightly disturbed." Houk, 613 F. Supp. at 927. Accordingly, the movant is required "to make a clear showing that the balance of interests weighs in favor of the proposed transfer . . . . Where the balance of relevant factors is equal or only slightly

3

in favor of the movant, the motion to transfer should be denied." Houk, 613 F. Supp. at 917. Plaintiff in this case is a Missouri corporation with its principal place of business in Kansas. Its choice of forum is proper and will not be lightly set aside.

As for convenience of the parties, defendant argues that it is more convenient for plaintiff's employees to travel to Connecticut than it is for defendant's employees to travel to Missouri for trial. However, to accept defendant's argument would be simply a shift of the inconvenience from defendant to plaintiff. The Court finds this factor weighs in favor of plaintiff.

With respect to the convenience of witnesses, in its initial motion to transfer venue, defendant generally alleges that "potentially a hundred Mass Mutual employees/former employees" may need to travel to Missouri for trial as witnesses to defendant's claims handling procedures; however, defendant attached no exhibits or affidavits in support of this proposition. As pointed out by plaintiff in its opposition, unsupported and speculative facts cannot support a transfer. American Standard, Inc. v. The Bendix Corp., 487 F. Supp. 254, 262 (W.D. Mo. 1980). Plaintiff further indicates in its response that whether Mass Mutual properly handled claims will be based largely upon expert testimony, not on the testimony of all the claims handlers who played a part in the claims handling decisions of the claims at issue. Plaintiff also lists eight witnesses that reside in the Kansas City area. Defendant, in its reply, provides a list of 41 potential witnesses, 17 of whom are no longer employees of Mass Mutual. In addition to Massachusetts and Connecticut, these current or former employees reside in Florida, Maryland, and Texas.

After considering the parties' arguments, the Court will not apply § 1404(a) to simply exchange the inconvenience of the defendant for the inconvenience of the plaintiff,

4

especially when plaintiff is privileged by the Federal Rules of Civil Procedure to choose the forum for its lawsuit.  Furthermore, the need for the testimony of the many witnesses identified by defendant in its reply suggestions is speculative at this point.  For these reasons, the Court finds that the convenience of the witnesses weighs in favor of neither party.

Defendant also argues that it anticipates calling as witnesses non-parties who are beyond this Court's subpoena power to compel trial testimony.  The Court is unconvinced by defendant's suggestions that these proposed witnesses would be hostile witnesses and unavailable for trial, or that their video-taped depositions would not suffice for presentation of their testimony at trial.  This factor weighs in favor of neither party.

Another factor that may be considered in determining the appropriate forum is the location of documents and other sources of proof, but this factor should not be afforded great weight.  <u>Midwest Mechanical Contractors, Inc. v. Tampa Constructors, Inc.</u>, 659 F. Supp. 526, 534 (W.D. Mo. 1987).  Defendant argues that hundreds of thousands of documents are located in Connecticut.  Plaintiff responds that at the discovery phase, plaintiff would bear the burden and expense of reviewing those documents. Plaintiff further responds that, at trial, it plans to rely heavily on electronic presentation of evidence, which would minimize the cost and inconvenience of transferring documents to Missouri.  The Court finds this factor weighs in favor of neither party.

Defendants maintain that the interests of justice favor having federal judges who are familiar with applicable state law preside over the litigation, and therefore the District of Connecticut would be a better venue for this lawsuit.  Assuming arguendo that defendant is correct in its assertion that Connecticut law applies, this factor weight little in the Court's

5

determination.  Federal judges routinely are required to apply the law of foreign jurisdictions, and do so daily with no apparent compromise of the interests of justice.  In this case defendant has made no showing that Connecticut law, if it is determined to govern, is either complex or unsettled.  The Court therefore has no reason to assume that it will be unable to properly apply Connecticut law if necessary.  See Houk, 613 F. Supp. at 932.

Having carefully considered the convenience of the parties and witnesses and the interests of justice, and having weighed factors contributing to each, the Court concludes that defendant has failed to make a clear showing that the balance of interests weighs in favor of the proposed transfer.  Consequently transfer is not warranted under 28 U.S.C. § 1404(a).  Therefore, defendant's motion to transfer venue (Doc. No. 8) is **DENIED.**

### B. Motion For a More Definite Statement

Fed.R.Civ.P. 12(e) states in part, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  In Dillon v. Brown County, Nebraska, No. 8:02CV108, 2003 WL 820570, (D.Neb. Mar. 3, 2003), the Court stated,

> [a] motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. . . . Motions for a more definite statement are rarely granted, however, in light of the liberal notice pleading standard of Federal Rule of Civil Procedure 8 and the liberal discovery available to both sides. . . .
>
> Motions under Rule 12(e) are designed to strike at unintelligibility in a pleading rather than want of detail.

Id. at *4 (internal citations and quotations omitted).

Here, defendant argues that plaintiff has failed to identify which claims it is placing at issue in its complaint. However, as discussed by plaintiff, the complaint is not so vague or ambiguous that defendant cannot reasonably be required to frame a responsive pleading. See <u>Resolution Trust Corporation v. Fiala</u>, 870 F. Supp. 962, 978 (E.D. Mo. 1994) (finding that a plaintiff did not have a specify which letters of credit were at issue to meet the pleading requirements of Federal Rule of Civil Procedure 8). Accordingly, defendant's motion for more definite statement (Doc. No. 6) is **DENIED.**

**IT IS SO ORDERED**.

<u>/s/Fernando J. Gaitan, Jr.</u>
Fernando J. Gaitan, Jr.
United States District Judge

Dated: <u>  May 4, 2006  </u>
Kansas City, Missouri

7

Case 4:06-cv-00188-FJG   Document 17   Filed 05/04/06   Page 7 of 7