**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| Employers Reinsurance Corporation )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Massachusetts Mutual Life )<br>Insurance Company, )<br>)<br>Defendant. )<br>) | Case No. 06-0188-CV-W-FJG |

## **ORDER**

Currently pending before the Court is Plaintiff's Motion to Dismiss Defendant's/Counterclaim Plaintiff's Counterclaims II, III, and V (Doc. No. 61) and Suggestions in support of motion (Doc. No. 62). Plaintiff moved to partially dismiss defendant's counterclaims for failure to state a claim on which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

### **I. BACKGROUND**

This is an action between plaintiff Employers Reinsurance Corporation ("ERC"), a reinsurer, against defendant Massachusetts Mutual Life Insurance Company ("MassMutual"), its reinsured. Plaintiff alleges, among other things, that defendant breached the parties' reinsurance agreement by (1) refusing to permit ERC to participate jointly in the investigation, adjustment, defense or settlement of claims that defendant seeks to cede to ERC; (2) ceding losses and claims to ERC that are not covered under the reinsurance agreement; (3) failing to adequately manage, adjust and settle reinsured

claims; and (4) failing to provide ERC with prompt notice of claims. Plaintiff brings the following claims: Count I–Declaratory Judgment; Count II–Breach of Contract; Count III–Breach of Implied Duty of Good Faith; and Count IV–Accounting. Plaintiff seeks declaratory relief and requests a declaration that defendant's past conduct constitutes a breach of contract and that plaintiff has no obligation under the contract to follow defendant's settlement actions.

Defendant brought forth the following counterclaims against plaintiff: Count I–Breach of Contract; Count II–Vexatious Refusal under Mo. Rev. Stat. §§ 375.296 and 375.420; Count III–Vexatious Refusal under Kan. Stat. Ann. §§ 50-626; Count IV–Breach of Implied Duty of Good Faith and Fair Dealing; Count V–Breach of Fiduciary Duty; Count VI–Declaratory Judgment; and Count VII Connecticut Unfair Trade Practices Act. Defendant alleges that plaintiff has breached the contract by failing to reimburse defendant for covered claims under the contract. Defendant also seeks declaratory relief and requests this Court to enjoin ERC from withholding reimbursements for covered claims.

## II. STANDARD

The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a party will ultimately prevail, but rather whether the party is entitled to offer evidence in support of the claims asserted. Doe v. Hartz, 52 F. Supp.2d 1027, 1049 (N.D.Iowa 1999), citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997) (citations omitted). "Thus, '[a] motion to dismiss

should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe, 52 F.Supp.2d at 1050 (citing Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995))(internal quotations, ellipses and citations omitted). The purpose of a 12(b)(6) motion is to determine whether the plaintiff has stated a claim upon which relief may be granted.

### III. DISCUSSION

Plaintiff seeks to dismiss defendant's counterclaims for vexatious refusal under Missouri and Kansas law and its breach of fiduciary duty counterclaim. Each counterclaim will be considered below.

<u>Vexatious Refusal Counterclaims–Counts II and III</u>

Plaintiff argues that the Missouri and Kansas vexatious refusal statutes do not apply to a reinsurer/reinsured relationship and that these statutes only apply to an insurer/insured relationship. Plaintiff states that these statutes were meant to punish insurers for refusing to pay without reasonable cause or excuse. Plaintiff also argues that the contract between it and Mass Mutual is not a contract of insurance, but rather a contract of indemnity.

Defendant responds that the Missouri and Kansas' statutes do apply to a contract of reinsurance because these statutes use general language such as "any insurance company." Defendant also states that reinsurance is a form of insurance. Further, defendant states that since the parties have not agreed upon which state law applies, defendant has properly set out alternative causes of action under Missouri and Kansas law.

In plaintiff's reply, plaintiff argues that there is no possible application of Kansas law to this case. Thus, plaintiff asserts that defendant cannot bootstrap a claim for attorney's fees to its counterclaims under a Kansas statute.

3

The Court need not reach the issue of whether the Missouri and Kansas statutes apply to a reinsurance contract because neither Missouri or Kansas law is applicable to this case. The Court agrees that defendant's vexatious refusal counterclaims must be dismissed because Connecticut law applies to the parties' contract. A district court sitting in diversity jurisdiction applies the choice of law rules for the state in which it sits. Inacom Corp. v. Sears, Roebuck & Co., 254 F.3d 683, 687 (8th Cir. 2001) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L.Ed. 1477 (1941)). Thus, we apply Missouri's choice of law rules. Missouri law "provides that the law of the state with the most significant relationship to the transaction and parties govern." Viacom, Inc. v. Transit Cas. Co., 138 S.W.3d 723, 725 (Mo. 2004). Missouri has adopted Section 188 of the Restatement (Second) of Conflicts of Laws which states that the following factors should be considered: "(a) the place of contracting, (b) the place of negotiation of the contract, © the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." Restatement (Second) of Conflict of Laws section 188(2).

Based on the above Restatement factors, Connecticut law applies. In paragraph 12 of the Complaint, plaintiff states that the "negotiations over the terms of their reinsurance relationship took place primarily...in Hartford Connecticut." (Doc. No. 1). Plaintiff also stated in Paragraph 15 of its Complaint that the contract was executed in Hartford, Connecticut. (Doc. No. 1). Further, the original party to this contract, Connecticut Mutual Life Insurance Company (CML), was based in Hartford, Connecticut at the time the contract was executed.[1] Presumably, since the original reinsured was located in Connecticut, the

---

[1] Defendant MassMutual merged with Connecticut Mutual Life Insurance Company(CML). MassMutual was the surviving entity after the merger. Following the

parties anticipated that the subject matter of the contract would take place in Connecticut. Following the merger between CML and Mass Mutual, Mass Mutual continued to process the covered claims at CML's former headquarters in Hartford, Connecticut. (¶ 30 Complaint, Doc. No. 1). In addition, Article XVIII of the parties' contract specified that the contract was subject to approval by the Connecticut Insurance Department. Article XVIII also stated that the contract must comply with the department's regulations. Thus, it is evident from the parties' negotiations, the place of contracting, and provisions in the contract that Connecticut bears the most significant relationship to the transaction and the parties. Missouri, on the other hand, bears no relationship to this suit as it is only the plaintiff's place of incorporation. The same is true for Kansas because Kansas is the plaintiff's principal place of business.

Given the Court's finding that Connecticut law applies, defendant need not assert alternative causes of action under Missouri and Kansas Law. Therefore, the Court hereby **DISMISSES** Counts II and III of defendant's counterclaims.

Breach of Fiduciary Duty Counterclaim–Count V

Plaintiff seeks to dismiss defendant's breach of fiduciary claim because it argues there is no case law supporting defendant's claim that a reinsurer (ERC) owes a fiduciary duty to a reinsured (MassMutual). Plaintiff states that when courts have addressed the relationship between a reinsurer and the reinsured, courts have determined that the relationship is not a fiduciary one. Additionally, plaintiff notes that the only cases finding a fiduciary relationship are ones which have found that the reinsured owes a fiduciary duty

---

merger, Mass Mutual assumed liability for the Reinsured Policies and assumed the contract and all other duties and obligations CML owed to ERC under the contract. ( ¶ 7 Complaint, Doc. No. 1)

to the reinsurer and not the reverse as defendant argues.

Defendant responds that it adequately states a cause of action for breach of fiduciary duty and it can prove the elements of a fiduciary duty claim.

The Court finds that defendant fails to state a breach of fiduciary duty claim under Connecticut law. Under Connecticut law, there is a fiduciary relationship when "a fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other...The superior position of the fiduciary or dominant party affords him great opportunity for abuse of the confidence reposed in him." Murphy v. Wakelee, 247 Conn. 396, 400, 721 A.2d 1181, 1183 (1998) (quoting Konover Development Corp. v. Zeller, 228 Conn. 206, 219, 635 A.2d 798 (1994)) (internal quotations omitted). Although whether such a confidential relationship exists is generally a question of fact under Connecticut law, see Albuquerque v. Albuquerque, 42 Conn. App. 284, 287, 679 A.2d 962, 964 (1996), defendant has failed to plead sufficient facts in its counterclaim supporting a fiduciary relationship between plaintiff and defendant. Defendant states in paragraph 54 of its counterclaim that "Mass Mutual [defendant] reposed trust and confidence in ERC to act with the utmost good faith and integrity in the performance of its obligations under the CML treaty." (Doc. No. 50-2). However, defendant fails to allege facts that there was a unique degree of trust and confidence between the parties or that plaintiff had superior knowledge, skill, or expertise. Rather, both plaintiff and defendant are two sophisticated insurance companies who most likely encompass vast knowledge and expertise about insurance and reinsurance issues. In this scenario, it is unlikely that one of the parties was able to dominate the other in the negotiation and performance of their agreement.

6

The Court recognizes that there is no Connecticut decision that has confronted the issue of whether the relationship between a reinsurer and reinsured is a fiduciary one. However, Connecticut courts have addressed the issue of whether a fiduciary relationship exists between an insurer and its insured. The Connecticut courts have held that unless a third party is involved, the insurer/insured relationship is one of contract and not a fiduciary one. See Grazynski v. Hartford Ins. Co., 1997 Conn. Super. LEXIS 1876, No. CV960337594, 1997 WL 407897, at *3 (Conn. Super. July 10, 1997)(holding that fiduciary duties do not arise in a insurer/insured relationship when there is no third party involved); Namerow v. Travelers Ins. Co., 1998 Conn. Super. LEXIS 2988, No. CV970568124S, 1998 WL 779567 (Conn. Super. Oct. 19, 1998)(holding that a contract of insurance does not create a fiduciary relationship); Harlach v. Metropolitan Property & Liability Ins. Co., 221 Conn. 185, 602 A.2d 1007 (1992) (holding that an insurer has no fiduciary duty to the insured to explain uninsured motorist coverage). Considering that Connecticut courts have deemed that there is no fiduciary relationship between an individual policy holder and a sophisticated insurance company, they are not likely to imply one in a reinsurance relationship between two sophisticated insurance companies.

Further, the Second Circuit has held that the relationship between a reinsurer and a reinsured is not a fiduciary one. See Cont'l Cas. Co. v. Stronghold Ins. Co., 77 F.3d 16, 21 (2d Cir. 1996); Unigard Security Ins. Co. v. North River Ins. Co., 4 F.3d 1049, 1066, 1069 (2d Cir. 1993); Christiania Gen. Ins. Corp. v. Great Am. Ins. Co., 979 F.2d 268 (2d Cir. 1992); see also United States v. Brennan, 183 F.3d 139, 150 (2d Cir. 1999) (citing numerous cases where courts have found that a reinsurer/reinsured relationship is not a fiduciary one). In Christiania, the court found that "because these contracts [reinsurance contracts] are usually negotiated at arms length by experienced insurance

companies...there is no reason to label the relationship as fiduciary." 979 F.2d at 280-801 (citing Unigard, 762 F. Supp. at 591). Similarly in this case, two experienced insurance companies negotiated the contract at arms length. Thus, the Court finds the reinsurer/reinsured relationship is not a fiduciary one. For the foregoing reasons, the Courts **DISMISSES** defendant's breach of fiduciary duty counterclaim.

## IV. CONCLUSION

The Court finds it is proper to apply Connecticut law this case, thereby precluding defendant's vexatious refusal counterclaims under Missouri and Kansas law. The Court also finds that defendant's counterclaim does not properly set forth a breach of fiduciary claim under Connecticut law. Therefore, the Court hereby **GRANTS** plaintiff's Motion to Dismiss Defendant's Counterclaims II, III, and V (Doc. No. 61).


Date: 4/2/07                                **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                       Fernando J. Gaitan, Jr.
                                            Chief United States District Judge