**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| Employers Reinsurance Corporation | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 06-0188-CV-W-FJG |
| Massachusetts Mutual Life Insurance Company, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Defendant Mass Mutual requests a teleconference to resolve a discovery dispute concerning plaintiff's expert Mr. Bruce Hodsoll's August 13, 2007 "Supplemental Report." Defendant states that the 126-page supplemental report allegedly supplements plaintiff's April 10, 2007, Rule 26 expert report. Defendant argues this "supplemental report" was filed out of time, without leave of the Court, and contains new opinions on some 60 claim files. Defendant contends that the August 13, 2007 report is not a supplemental report, but rather is a new report and is plaintiff's attempt to disregard the Court's Scheduling Order in this case. Defendant supports this contention by stating that on June 8, 2006, plaintiff asked for a 6-month extension from the Court to identify an expert. The Court gave plaintiff a 3-month extension instead and stated that no further extensions would be granted. The original expert deadline for plaintiff was January 10, 2007, so plaintiff had until April 10, 2007 to submit its report. Thus, defendant views this as plaintiff's attempt to circumvent the Court's Scheduling Order.

Defendant further asserts that submitting this report four months after the expert report deadline is prejudicial to defendants. Defendant states this is prejudicial because

the new report contains 60 new claims, expert disclosures have passed, and defendant has not had a fair opportunity to analyze these new opinions and have one or more defense experts address these new opinions. Defendant also notes that the supplemental report is not a rebuttal report as Mr. Hodsoll already filed a separate 45-page rebuttal report on August 13, 2007.

Plaintiff responds that both its expert and supplemental report were filed timely with the Court. Plaintiff argues that the supplemental report does not prejudice the defendant as defendant received the supplement one-month before the close of discovery. Plaintiff also states that if defendant wishes to take Mr. Hodsoll's deposition again, it is welcome to do so.[1]

In addition, plaintiff states it has a Rule 26 obligation to supplement its expert disclosure when Rule 26(e)(1) requires it. Rule 26(e)(1) requires a party to supplement the expert report to include information later acquired if the disclosure is incomplete or incorrect. Any additions or changes to the expert report must be disclosed by the time the party's disclosures are due under Rule 26(a)(3).

---

[1]The parties in this case are **strongly cautioned** to refrain from further depositions of any experts in this case. The initial deposition of Mr. Hodsoll should not have taken place without the Court's express permission. Paragraph 7(a)(2) of the Court's Scheduling Order (Doc. No. 58) clearly states in bold type that "**any further discovery relative to the information and opinions reflected in the expert affidavits shall be by Court order**." The Order goes on to state that "[t]he party requesting further discovery shall file a motion specifying what additional discovery is needed, and stating in detail why additional discovery is necessary. This motion shall be filed within five days of the close of discovery. The opposition to said request shall be filed within five days thereafter. Counsel should be advised that this request for additional discovery will not be automatically granted." The reason for this requirement is because "one of the purposes of the expert affidavit is to set forth the substance of direct examination. If properly done, the expert affidavit should eliminate the need for deposing some experts." Paragraph 7(a)(b). All this information is clearly laid out in the Scheduling Order. The Court **strongly urges** all parties to re-read the Court's Order in order to ensure future compliance.

Lastly, plaintiff states that the reason Mr. Hodsoll's supplement was filed in August was because he could not give an opinion as to claim files he had not yet received or reviewed. Plaintiff notes that a review of these claim files takes hours and sometimes days to review.

The Court finds there is no need for a teleconference on this matter as plaintiff's supplemental report was required and timely under the federal rules and the Court's Scheduling Order. There is no evidence, only defendant's speculation, to support defendant's contention that plaintiff's supplemental report is not a supplement but rather an attempt to circumvent the Court's Scheduling Order. The Court makes its finding for the reasons stated below.

First, defendant is not prejudiced by plaintiff's supplement filed on August 13, 2007 because (1) discovery does not close until September 17, 2007, (2) trial is not until May 5, 2008, and (3) plaintiff's supplemental disclosure is timely.

Second, plaintiff has a duty to supplement its expert report under Fed. R. Civ. P. 26(e)(1) if the previous disclosure is incomplete or incorrect. With respect to expert testimony, Rule 26(e)(1) states the duty to supplement disclosures "extends both to information contained in the report and to information provided through a deposition of the expert." Thus, plaintiff was under an obligation to provide its supplemental report to defendant.

Finally, plaintiff's supplemental report is timely under the federal rules and the Court's Scheduling Order. Supplemental expert information should be disclosed by the time the pretrial disclosures are made under Rule 26(a)(3), which is 30 days before trial unless otherwise set by the court. Disclosures under Rule 26(a)(3) involve a party disclosing their witnesses and exhibits. This means that any supplement to a party's expert

3

report must be done by the time that pretrial disclosures are due in this case. Per the Court's Scheduling Order, plaintiff's witness and exhibit lists are due on November 27, 2007 and defendant's witness and exhibit lists are due on December 4, 2007. Thus, in the Court's estimation, plaintiff's supplemental report, is timely under the federal rules and the Court's Scheduling Order.

Therefore, for the foregoing reasons, defendant's request for a teleconference is **DENIED**.

**IT IS SO ORDERED.**

Date: 8/24/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge