# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Employers Reinsurance Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Massachusetts Mutual Life )<br>Insurance Company, )<br>)<br>Defendant. ) | Case No. 06-0188-CV-W-FJG |

## ORDER

Currently pending before the Court is defendant's Motion to Compel Plaintiff to Reconvene Corporate Representative Deposition (Doc. No. 144) and suggestions in support of motion (Doc. No. 145). This matter concerns defendant's deposition of plaintiff's corporate representative, Mr. Kevin Darter ("Mr. Darter"). On June 7, 2007, defendant had served a 30(b)(6) deposition notice on plaintiff (Doc. No. 111), specifying 25 categories of inquiry. Defendant states plaintiff filed no objections to this notice. Defendant asserts that during the deposition on June 28, 2007, plaintiff's corporate representative was unable to answer numerous basic questions and did not have knowledge of all the matters of inquiry listed on the deposition notice. Defendant argues plaintiff had a duty to prepare for the deposition and failed to fulfill its duty. Thus, defendant seeks the Court to compel plaintiff to produce a witness who can answer the questions asked, within the specified categories, and who has actual knowledge. Defendant further requests for the deposition to be reconvened at plaintiff's cost given the representative's evasive and incomplete answers.

Plaintiff responds with the primary three arguments: (1) Mr. Darter fulfilled its duty

under the federal rules to prepare for the deposition, (2) defendant failed to specify its deposition notice with reasonable particularity under the rules, and (3) and many of the questions asked of Mr. Darter dealt with information not reasonably available to plaintiff or required Mr. Darter to list and recall unreasonable information.  First, plaintiff states that its corporate representative, Mr. Darter, did all he could to prepare for the deposition. Plaintiff attached an affidavit from Mr. Darter which stated that he reviewed and did the following prior to the deposition:

> a. The deposition transcripts of William Dempsey, Robert Linner, David Newkirk, Thomas Felgate, Robert Cross, Robert Parmely, and Irwin Don;
> b. Transcript of the deposition he gave in his individual capacity;
> c. The expert reports of Robert Hall and Bruce Hodsoll, both dated April 10, 2007;
> d. Deposition transcript of Robert Hall;
> e. 1999 pilot project agreement, the 2002 claims review agreement, the 2003 claims review agreement, and documents and correspondence related to those agreements;
> f. Various documents related to retrospective premium calculations;
> g. The reinsurance treaty at issue in this case;
> h. Key pleadings including the complaint, answer and demand for jury trial, amended counterclaim, suggestions in support of partial motion to dismiss, and Order dated April 2, 2007;
> i. Spent two full days with outside counsel and in-house counsel reviewing additional documents and preparing for the deposition; and
> j. Reviewed and discussed each of the twenty-five categories on the deposition notice, what the categories meant, and the relevant facts.

Next, plaintiff argues the 30(b)(6) deposition notice provided by defendant did not reasonably particularize the subjects of the intended inquiry.  Because of the lack of particularity in defendant's deposition notice, plaintiff states it had the impossible task of "divining" what Mass Mutual would request under the broad categories.

Lastly, plaintiff states it was impossible for any ERC corporate representative to answer the questions defendant asked at the deposition because it would have required the deponent to list out over 100 claims at issue. Plaintiff believes such inquiries are best resolved through interrogatories or producing documents. For example, in response to defendant's contention that Mr. Darter failed to answer regarding inquiry Number 1 on the deposition notice, "For the Block of Business, each claim in which ERC was allegedly refused 'joint participation,'" plaintiff responds that the block of business at issue in this lawsuit involves approximately 1,000 individual claim files that span a course of more than a decade. At the time of Mr. Darter's deposition, 156 of those claims were at issue. Plaintiff argues it is unreasonable to expect Mr. Darter to list from memory over 156 claim files in a 30(b)(6) deposition. Plaintiff further states that Mr. Darter was unable to answer certain questions such as which claim files ERC reviewed during its visits to Mass Mutual because ERC did not keep records of the specific claims it reviewed during those visits.

As a solution to this issue, plaintiff offers to propound interrogatories on the few remaining topics defendant contends were not, and still are not, answered completely.

The Court finds that while plaintiff's corporate representative fulfilled his duty to prepare for the deposition, the Court agrees with defendant that there were a few topics left unanswered after the deposition. However, the Court concludes that defendant needs to attempt to resolve the remaining topics left unanswered by Mr. Darter's deposition through interrogatories. If defendant is still unable to procure answers on the remaining topics, then defendant may renew its motion to reconvene a deposition of plaintiff's corporate representative and the Court will re-evaluate the issue then. Therefore, defendant's Motion to Compel Plaintiff to Reconvene Corporate Representative Deposition (Doc. No. 144) is **PROVISIONALLY DENIED**. Because plaintiff will be submitting interrogatories to

defendant and defendant may need to take additional depositions, this will affect the deadlines set out in the Court's Scheduling Order (Doc. No. 58). Thus, the Court further orders the parties to submit a proposed Amended Scheduling Order by **Friday, August 31, 2007**. The proposed order should allow for an expansion of the discovery deadlines long enough to accommodate the discovery issues involved in this matter.

**IT IS SO ORDERED.**

Date: 8/24/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge