**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| Employers Reinsurance Corporation, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 06-0188-CV-W-FJG |
| Massachusetts Mutual Life Insurance Company, | ) ) ) ) |
| Defendant. | ) |

# ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration or, in the Alternative, Request for 28 U.S.C. § 1292(b) (Doc No. 311).

**I.   BACKGROUND**[1]

This is a breach of contract action brought against a reinsurer, Employers Reinsurance Corporation ("ERC") against its reinsured, Massachusetts Mutual Life Insurance Company ("Mass Mutual"), for allegedly mishandling a wide number of claims covered under the parties' reinsurance agreement ("Treaty"). In its Complaint, ERC sought, among other things, a declaration from the Court that ERC has no obligation under the Treaty to follow Mass Mutual's settlement actions. On August 19,2008, the Court granted summary judgment in favor of Mass Mutual on the "follow the settlements" issue (Doc. No. 310). Specifically, the Court found that such language did exist in the Treaty, and that ERC was bound to follow Mass Mutual's settlements and could not question Mass

---

[1] The facts of the case were previously laid out in this Court's order entered on August 19, 2008 (Doc. No. 310); however, the Court will briefly review the facts relevant to the pending motion.

Mutual's claim handling practices. The Court's order specifically notes that ERC may challenge the disputed claims based only on whether the claims fell under the Treaty's coverage period or whether Mass Mutual handled the claims in bad faith.

ERC now moves the Court to reconsider its Order with regards to the follow the settlements issue. In the alternative, ERC requests that the Court amend its order to certify the follow the settlements issue for interlocutory appeal. Each request will be considered in turn.

## II. DISCUSSION

### A. MOTION TO RECONSIDER

ERC moves the Court to reconsider its summary judgment order under Fed.R.Civ.P. 59(e). Mass Mutual correctly points out that Rule 59 is not the proper rule to pursue a motion to reconsider a non-final order; instead, the motion should be considered a Rule 60(b) motion. See Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999) (stating that Rule 59(e) motions apply only to judgments, not a non-final order, whereas Rule 60(b) applies to motions regarding a non-final court order). Under Rule 60(b), the Court may relieve a party from an order for any one of the enumerated reasons in the rule, including excusable neglect, surprise, newly discovered evidence, fraud, a void judgment, or any other reason that would justify relief. Fed.R.Civ.P. 60(b). The Eight Circuit has plainly stated that the purpose behind Rule 60(b) is not to provide a party the chance to reargue the merits of a previously made argument. Broadway, 193 F.3d at 990.

ERC moves this Court to reconsider its order dated August 19, 2008 (Doc. No. 310) in which the Court held that the Treaty between ERC and Mass Mutual contained an express follow the settlements provision. ERC contends that the Court committed a

2
Case 4:06-cv-00188-FJG    Document 320    Filed 10/23/08    Page 2 of 5

manifest error of law and should reconsider its ruling to prevent manifest injustice. ERC does not cite a reason found in Rule 60(b) in support of its motion to reconsider, but rather sets out to reargue the points it made in its original summary judgment brief and at the hearing. Manifest error of law is not a reason listed under Rule 60(b), and even if it were a reason sufficient to justify relief, ERC apparently argues that the Court committed a manifest error of law simply because it disagreed with ERC's arguments regarding the follow the settlements language. This, in itself, is insufficient to grant relief to plaintiff. Therefore, the Court **DENIES** ERC's motion to reconsider.

## B. REQUEST FOR 28 U.S.C. § 1292 CERTIFICATION

In the alternative, ERC requests this Court to amend its order to certify the "follow the settlements" issue for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b). To certify a question for interlocutory appeal, the movant bears the heavy burden of demonstrating three elements: "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." Union County, Iowa v. Piper Jaffray & Co., Inc., 525 F.3d 643, 646 (8th Cir. 2008) (internal quotations omitted). Due to the policy to discourage piece-meal appeals, certification of an interlocutory appeal should be "granted sparingly and with discrimination." Id. (quotations and citations omitted). Certification pursuant to § 1292(b) should be granted only if an appellate decision would help avoid protracted litigation. White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994).

ERC argues that whether a "follow the settlements" provision was a term of the Treaty involves a pure question of law that would materially affect the outcome of the litigation. ERC contends that whether the Treaty contains "follow the settlements" language

3

will affect its bases for challenging the disputed claims. For instance, if the follow the settlements issue is reversed on appeal, ERC would have the opportunity to challenge the disputed claims on additional grounds, such as the adequacy of Mass Mutual's claims handling practices, which ERC contends would needlessly result in two trials. Mass Mutual responds that ERC's suggestion that two trials would result from a denial of certification is disingenuous because the evidence produced in the case up to this point has not touched upon whether Mass Mutual handled claims in bad faith or outside the Treaty coverage period. Instead, Mass Mutual notes that ERC's experts at the summary judgment hearing testified that their audits into Mass Mutual's claim handling were directed at the adequacy and competency of the claims handling, not whether they handled claims in bad faith.

The Court must first determine whether the issue ERC seeks to certify is a "question of law" as that phrase is used in section 1292(b). A "question of law," as construed in § 1292(b), refers to a purely, abstract legal question. <u>Ahrenholz v. Bd. of Trustees of Univ. of Illinois</u>, 219 F.3d 674, 676-77 (7th Cir. 2000). Challenging the application of settled law to a specific set of facts is not a question of law. <u>McFarlin v. Conseco Services, L.L.C.</u>, 381 F.3d 1251, 1258 (11th Cir. 2004) (citing <u>Ahrenholz</u>, 219 F.3d at 676). In <u>Ahrenholz</u>, the court stated that "the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind either." 219 F.3d at 676.

Here, ERC is challenging the Court's ruling that the Treaty included follow the settlements language. In reaching its conclusion, the Court relied on settled principles of contract interpretation and applied those principles to the language found in the Treaty. As the Seventh Circuit noted in <u>Anrenholz</u>, a court's ruling regarding the meaning of a contract

4

based solely on the language of the contract is not a question of law for purposes of section 1292(b). A question of law does not refer to an issue that is merely free from factual dispute, but rather it refers to matters of pure law, such as determining the meaning of a statute or regulation or deciding the appropriate legal standard to apply. See id.; see, e.g., S.B.L. By and Through T.B. v. Evans, 80 F.3d 307, 311 (8th Cir. 1996) (deciding what legal standard the court should apply in order to hold an institution liable under Title IX was undoubtedly a question of law); Spencer v. Knapheide Truck Equip. Co., 1997 WL 459761, at *2 (W.D. Mo. Aug. 11, 1997) (finding that a question of law existed where the contested issue was whether the district court erred in employing a subjective standard to analyze defendant's deliberate indifference instead of an objective standard). The issue that ERC seeks to certify for appeal is not a question of law; therefore, the Court **DENIES** ERC's motion to certify the issue for interlocutory appeal.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion for Reconsideration or, in the Alternative, Request for 28 U.S.C. § 1292(b) (Doc No. 311).

**IT IS SO ORDERED.**

Date: 10/23/08          **/s/ FERNANDO J. GAITAN, JR.**

Kansas City, Missouri         Fernando J. Gaitan, Jr.
Chief United States District Judge