**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| Employers Reinsurance Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Massachusetts Mutual Life )<br>Insurance Company, )<br>)<br>Defendant. ) | Case No. 06-0188-CV-W-FJG |

## ORDER

Pending before the Court is Plaintiff's Motion for 28 U.S.C. § 1292(b) Certification (Doc No. 366).

**I.  BACKGROUND**[1]

This is a breach of contract action brought by a reinsurer, Employers Reinsurance Corporation ("ERC") against its reinsured, Massachusetts Mutual Life Insurance Company ("Mass Mutual"), for allegedly mishandling a wide number of claims covered under the parties' reinsurance agreement ("Treaty").  In its Complaint, ERC sought, among other things, a declaration from the Court that ERC has no obligation under the Treaty to follow Mass Mutual's settlement actions.  On August 19, 2008, the Court granted summary judgment in favor of Mass Mutual on the "follow the settlements" issue (Doc. No. 310). Specifically, the Court found that such language did exist in the Treaty, and that ERC was bound to follow Mass Mutual's settlements and could not question Mass Mutual's claim

---

[1]The facts of the case were previously set forth in this Court's order entered on August 19, 2008 (Doc. No. 310); however, the Court will briefly review the facts relevant to the pending motion.

handling practices. The Court's order specifically notes that ERC may challenge the disputed claims based only on whether the claims fell under the Treaty's coverage period or whether Mass Mutual handled the claims in bad faith.

After reviewing the claims that ERC asserted were either outside the Treaty's coverage period or handled in bad faith, the Court determined there were eight claims that presented triable issues of fact (Doc. No. 359). On April 30, 2010, the Court issued an order ruling on Mass Mutual's affirmative defenses and found that the statute of limitations period had run, thereby barring from trial six of the eight remaining claims (Doc. No. 365).

## II. DISCUSSION

ERC requests this Court to amend its order entered on August 19, 2008 (Doc. No. 310), and its order entered on April 30, 2010, to certify the "follow the settlements" and the statute of limitations issues for immediate interlocutory appeal under 28 U.S.C. § 1292(b). To certify a question for interlocutory appeal, the movant bears the heavy burden of demonstrating three elements: "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." Union County, Iowa v. Piper Jaffray & Co., Inc., 525 F.3d 643, 646 (8th Cir. 2008) (internal quotations omitted). Due to the policy to discourage piece-meal appeals, certification of an interlocutory appeal should be "granted sparingly and with discrimination." Id. (quotations and citations omitted). Certification pursuant to § 1292(b) should be granted only if an appellate decision would help avoid protracted litigation. White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994).

### A. Follow the Settlements

ERC has previously requested this Court to certify the "follow the settlements" issue

(Doc. Nos. 311 & 312), and the Court denied certification of the issue on October 23, 2008 (Doc. No. 320). The Court incorporates herein ERC's arguments for certification and the Court's conclusions regarding the "follow the settlements" issue, as set forth in its October 23, 2008 order. Accordingly, certification under 28 U.S.C. § 1292(b) on the "follow the settlements" question is **DENIED**.

### B. Statute of Limitations

ERC argues the statute of limitations issue of whether the Treaty contains a tolling provision, or whether the statute of limitations was otherwise tolled by the course of conduct of the parties should be certified for immediate review because it is a controlling question of law, the resolution of which affects the further course of litigation. Further, ERC argues certification is proper because the Court's finding that the Treaty does not contain a tolling agreement, and that the parties do not have a special relationship of continuing course of conduct are questions on which courts substantially disagree. ERC adds that review of the two questions would materially advance the litigation by leading to its ultimate termination without the necessity for two trials. If either ruling is later reversed, the parties will have to go through a second trial on a substantially larger number of claims that would entail presenting duplicative evidence and testimony.

The Court must first determine whether the statute of limitations issue ERC seeks to certify is a "question of law" as that phrase is used in section 1292(b). A "question of law," as construed in § 1292(b), refers to a purely, abstract legal question. Ahrenholz v. Bd. of Trustees of Univ. of Illinois, 219 F.3d 674, 676-77 (7th Cir. 2000). Challenging the application of settled law to a specific set of facts is not a question of law. McFarlin v. Conseco Services, L.L.C., 381 F.3d 1251, 1258 (11th Cir. 2004) (citing Ahrenholz, 219 F.3d

at 676). In Ahrenholz, the court stated that "the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind either." 219 F.3d at 676.

Here, ERC is challenging the Court's ruling that the Treaty does not contain an express tolling provision. In reaching its conclusion, the Court relied on settled principles of contract interpretation and applied those principles to the language found in the Treaty. As the Seventh Circuit noted in Anrenholz, a court's ruling regarding the meaning of a contract based solely on the language of the contract is not a question of law for purposes of section 1292(b). A question of law does not refer to an issue that is merely free from factual dispute, but rather it refers to matters of pure law, such as determining the meaning of a statute or regulation or deciding the appropriate legal standard to apply. See id.; see, e.g., S.B.L. By and Through T.B. v. Evans, 80 F.3d 307, 311 (8th Cir. 1996) (deciding what legal standard the court should apply in order to hold an institution liable under Title IX was undoubtedly a question of law); Spencer v. Knapheide Truck Equip. Co., 1997 WL 459761, at *2 (W.D. Mo. Aug. 11, 1997) (finding that a question of law existed where the contested issue was whether the district court erred in employing a subjective standard to analyze defendant's deliberate indifference instead of an objective standard).

ERC also asserts that whether the statute of limitations was tolled by the conduct of the parties is a controlling question of law over which courts substantially disagree, which merits an immediate appeal to the Eighth Circuit. Specifically, ERC challenges the Court's ruling that the continuing course of conduct doctrine is inapplicable to toll the statute of limitations, and that Mass Mutual's requests for reimbursement during the limitations period

4

did not toll the statute of limitations.

As discussed in its April 30, 2010 Order, whether the continuing course of conduct doctrine applies is an individualized inquiry based on a mixed question of law and fact. Vanliner Ins. Co. v. Fay, 907 A.2d 1220, 1230 (Conn. App. 2006). Accordingly, the Court conducted a factual analysis of the relationship between ERC and Mass Mutual, followed by application of Connecticut common law. Based on its analysis, the Court concluded the facts of this case did not comport with the legal requirements and policy behind the continuing course of conduct doctrine. In the Eighth Circuit, the existence of factual issues precludes certification under section 1292(b) even when other requirements of that section are satisfied. See S.B.L., 80 F.3d at 311.

Next, ERC asserts there is "substantial ground for difference of opinion" regarding the Court's ruling that Mass Mutual's claims for reimbursement payments during the Treaty period do not toll the statute of limitations. (Doc. No. 367). In addressing the question, the Court applied the Erie[2] doctrine and referred to "relevant state precedents, analogous decisions . . . dicta, scholarly works, and any other reliable data . . . ." to determine how a Connecticut court would determine the issue. Leonard v. Dorsey & Whitney LLP, 553 F.3d 609 (8th Cir. 2009). Due to a void of authority in the reinsurance context, the Court properly referred to analogous Connecticut common law on indemnification contracts and concluded reimbursement requests in the contractual relationship between ERC and Mass Mutual did not toll the statute of limitations. See id. at 612. ERC has yet to offer any authority in support of its tolling theory, or otherwise illustrating dissent from the Court's application of Connecticut law; therefore, ERC has not sustained its burden of showing

---

[2] Erie v. Tompkins, 304 U.S. 64 (1938).

5

there is "substantial ground for difference of opinion" for purposes of an interlocutory appeal under section 1292(b).

Based on the foregoing, the Court finds the statute of limitations issue is not a purely, abstract legal question as construed in section 1292(b), and certification for interlocutory appeal is **DENIED**.

## III. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion 28 U.S.C. § 1292(b) Certification on the "follow the settlements" and statute of limitations issues (Doc No. 367). **IT IS FURTHER ORDERED** that the parties submit a joint proposed scheduling order for trial, or otherwise notify the Court of how they plan to proceed with the remaining claims on or by **FRIDAY, JUNE 25, 2010**.

**IT IS SO ORDERED.**

Date: 06/16/10　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge