# IN THE WESTERN DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

EMPLOYERS REINSURANCE                )
CORPORATION,                         )
                                     )
                Plaintiff,           )
                                     )
vs.                                  )        No. 06-0188-CV-FJG
                                     )
MASSACHUSETTS MUTUAL LIFE            )
INSURANCE COMPANY,                   )
                                     )
                Defendants.          )

## ORDER

Currently pending before the Court is Defendant Massachusetts Mutual Life

Insurance Company's ("Mass Mutual") Proposed Bill of Costs (Doc. No. 379).

Defendant's Bill of Costs totals $76,941.34 including over $32,000 for deposition

costs and over $42,000 for copies. Plaintiff Employers Reinsurance Corporation

("ERC") objects to all costs stating that since Mass Mutual did not prevail on all claims, it

should not be granted a Bill of Costs that includes all costs (Doc. No. 380 & 389).

Furthermore, Plaintiff also objects to the number of copies made, charges for multiple

copies of depositions and the cost of videotaping the depositions (Doc. No. 380 & 389).

As such, on December 19, 2011, the Court requested that Defendant Mass Mutual

provide briefing or legal memoranda discussing why the expenditure of these costs was

necessary and requested that Plaintiff provide the appropriate response thereafter (Doc.

No. 387). After careful review of the parties' arguments, the Court hereby **FINDS** the

following:

## I.    <u>Costs for Six Claims</u>

A party need not prevail on all issues to justify a full award of costs.  20
Am.Jur.2d Costs §13.  Where each of the parties has prevailed on one or more of the
claims, defenses, or counterclaims, the district court has broad discretion in taxing
costs.  <u>Johnson v. Nordstrom-Larpenteur Agency, Inc.</u>, 623 F.2d 1279 (8th Cir. 1980).
This discretion shall not be applied arbitrarily. <u>Id</u>.

In this case, the original Complaint included four counts.  Mass Mutual filed an
Amended Counterclaim which included seven counts.  Over the course of the litigation,
this Court dismissed Counts II, III, and V of Mass Mutual's Counterclaim on ERC's
Motion to Dismiss and granted Summary Judgment in favor of Mass Mutual on Counts I
and IV only of its Amended Counterclaims and Partial Summary Judgment on Count I of
ERC's Compliant.  This Court also granted Summary Judgment in favor of ERC on
Count VII of Mass Mutual's Counterclaim.  Therefore, both parties have prevailed on
one or more of the claims, defenses, or counterclaims.  As a result, this Court has broad
discretion in taxing costs and believes that due to the amount of claims in which Mass
Mutual prevailed[1], it is entitled to all costs.  Accordingly, Mass Mutual's request that it be
entitled to all costs is hereby **GRANTED**.  Further discussion on exactly what costs shall
be taxed is indicated below.

---

[1]Mass Mutual prevailed on the following six claims: (1) MassMutual's Counterclaim,
Count I - Breach of Contract; (2) Mass Mutual's Counterclaim, Count IV - Breach of Implied
Duty of Good Faith and Fair Dealing; (3) ERC's Complaint Count I Partial Summary Judgment-
Declaratory Judgment; (4) ERC's Complaint Count II - Breach of Contract; (5) ERC's
Complaint Count III - Breach of Implied Duty of Good Faith; and (6) ERC's Complaint Count
IV - Accounting.

## II. Fees for Service of Summons and Subpoena

Mass Mutual claims $1,193 for this category. The taxation of costs statute indicates that a judge or clerk of any court of the United States may tax fees of the clerk and marshal. 28 U.S.C. §1920(1). This statute does not provide for the taxation of fees of private process servers. Marez v. Saint-Gobain Containers, Inc., No. 4:09CV999MLM, 2011 WL 1930706, at *15 (E.D.Mo. 2011). As such, the Eighth Circuit has clearly taken the position that fees for service of subpoenas by private process servers are non-taxable. Id.

The description that Mass Mutual provided of the summons and subpoena indicates that it used a private process server for service. As such, Mass Mutual's claim for $1,193 for service of summons and subpoena is **DENIED**.

## III. Fees for Exemplification and the Costs of Making Copies

Mass Mutual claims $42,954.51 for this category. The taxation of costs statute indicates that a judge or clerk of any court of the United States may tax fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. 28 U.S.C. §1920(4). Given the nature of this case, the Court believes that the amount listed above is inherently reasonable. As such, Mass Mutual's claim for $42,954.51 for fees for exemplification and the costs of making copies is **GRANTED**.

## IV. Fees for Witnesses

Mass Mutual lists $360.00 for this category. The taxation of costs statute indicates that a judge or clerk of any court of the United States may tax fees and disbursements for printing and witnesses. 28 U.S.C. §1920(3). A district court may award witness fees if it determines that the witness's testimony was crucial to the issues

decided and the expenditures were necessary to the litigation. Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 763 (8th Cir. 2006). The amount of witness fees that may be charged under 28 USC §1920(3) is governed by 28 USC §1821 which states:

> Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

If a district has a Bill of Costs Handbook that provides that witness fees will not be taxed if the witness's testimony is not used at trial or in support of a motion, then the fees will not be taxed. Wheeler v. Carlton, No. 3:06-CV-00068 GTE, 2007 WL 1020481, at *9 (E.D.Ark. 2007). There is no such rule in the Western District of Missouri. As such, the Court may tax witness fees where it believes it was reasonably necessary. Id.

In this case, the witnesses for which Mass Mutual submits costs for were witnesses that were subpoenaed. Because they were not parties, a witness fee check was included with the subpoena along with a check for mileage. These fees are required by Federal Rule of Civil Procedure 45. As such, these fees were necessary. Mass Mutual's claim for $360.00 for witness fees is **GRANTED.**

## V. Fees for Printed or Electronically Recorded Transcripts

Mass Mutual lists $32,433.83 for this category. The taxation of costs statute indicates that a judge or clerk of any court of the United States may tax fees for printed or electronically recorded transcripts necessarily obtained for use in the case. 28 U.S.C. §1920(2). While the plain language of Section 1920 does not specifically authorize video-deposition costs, Federal Rule of Civil Procedure 30(b)(3)(A) authorizes video-depositions as an alternative to traditional stenographic depositions, which Section 1920 does authorize. Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d

894 (8ᵗʰ Cir. 2009).  Given the nature of this case, the Court believes that the amount

listed above is reasonable.  As such, Mass Mutual's claim for $32,433.83 for fees for

printed or electronically recorded transcripts is **GRANTED**.

**VI.    Conclusion**

Accordingly, Mass Mutual's Bill of Costs (Doc. No. 379) is hereby **GRANTED** in

part and **DENIED** in part.  Mass Mutual's request that it be entitled to all costs is

**GRANTED**.  However, Mass Mutual's claim for fees for service of summons and

subpoena in the amount of $1,193.00 is **DENIED**.  Mass Mutual's claim for

exemplification and costs of making copies in the amount of $42,954.51 is **GRANTED**.

Mass Mutual's claim for fees for witnesses in the amount of $360.00 is **GRANTED**.

Mass Mutual's claim for fees for printed or electronically recorded transcripts in the

amount of $32,433.83 is **GRANTED**.

**IT IS SO ORDERED.**

Date: <u>April 25, 2012</u>                      **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                     Fernando J. Gaitan, Jr.
                                          Chief United States District Judge